DAVID SHOLTZ, J. M. LEE and W. V. KNOTT, as and constituting the Board of Administration, etc., *et al.,* v. STATE, *ex rel.* C. J. ROOT.

175 So. 777.
Opinion Filed July 31, 1937.

*Cary D. Landis,* Attorney General, and *H. E. Carter* and

*James B. Watson,* Assistant Attorneys General, for Plaintiffs in Error;

*Shutts & Bowen, Charles A. Carroll* and *William K. Whitfield* (of Tallahassee) for Defendant in Error.

PER CURIAM.—The following opinion which was prepared by the late Mr. Justice DAVIS has been adopted by the Court as its opinion:

On September 23, 1933, the relator in this case, C. J. Root, brought a proceeding in mandamus in the Circuit Court of Broward County to require the local authorities to levy a special tax for the payment of $5,500.00 of interest coupons held by him and derived from two certain issues of bonds designated as "Broward County Highway Bonds" that had been issued by the County of Broward. In that same proceeding relator also sought to require a tax levy for the payment of interest on all bonds of the two issues of bonds concerned, whether held by relator or not, and also to require a special tax levy for the principal sinking fund of the bonds.

A final judgment in said cause was rendered in March, 1934, in which it was ordered that a peremptory writ should issue upon the relator in that case amending so as to require the appropriations and tax levies to be made for the ensuing year, 1934-1935. Such amendment was made and thereupon a peremptory writ of mandamus was issued on March 30, 1934, requiring the respondent county officials to appropriate and levy a tax for the payment of the sum of $2,000.00, being a portion of the amount due on said coupons which had matured on and prior to July 1, 1933 (provision being made for the levy of taxes for the balance of such past due coupons in subsequent years), and requiring appropriation and tax levy for the payment of $47,-700.00 interest to mature currently on all bonds of said two

issues and requiring appropriation and levy of $7,840.00 for principal sinking fund.

In compliance with said writ, the respondent county officials made the appropriations required, and for the payment thereof levied an *ad valorem* tax on the taxable property of the county of 16½ mills. The proceeds of said tax levy were, pursuant to the Board of Administration Act (Chapter 14486, Acts 1929), forwarded to the Board of Administration, and by that Board a portion thereof was allocated to payment of the certain designated coupons of the relator which, as above mentioned, matured on and prior to July 1, 1933. A separate portion thereof was allocated to principal sinking fund for bonds of said two issues, and a third portion thereof allocated by the Board to a sinking fund for payment of interest on said bonds. The basis of each allocation was the respective ratios of the appropriations for such three items.

In this case relator, as the bearer, holder and owner of certain past-due coupons of said two issues of bonds hereinabove referred to, applied for and obtained final judgment and peremptory writ of mandamus from the Leon County Circuit Court to compel the State Board of Administration to pay out to relator the sum of $2,970.00 that had been raised by *ad valorem* taxes levied pursuant to relator's prior writ of mandamus hereinbefore mentioned, and which the State Board of Administration was shown to have and hold in its possession and control.

The return of the State Board of Administration which the Leon County Circuit Court adjudged insufficient as a defense in the nature of plea in confession and avoidance of the mandate of the relator's alternative writ of mandamus, showed in substance as follows:

On January 1, 1922 and 1924, respectively, Broward

County caused to be issued on its behalf two issues of coupon-bearing highway bonds.

Relator, being the holder of certain matured interest coupons detached from some of said bonds, also as holder of certain similar then currently maturing interest coupons, and of certain unmatured bonds, instituted, on September 23, 1933, in the Circuit Court of Broward County, mandamus proceedings against the local taxing officials thereof seeking to require them to levy a sufficient millage to pay: (1) all of relator's specifically described matured coupons, amounting to $5,550.00; (2) all then currently maturing coupons of said issues, whether owned by relator or not; and (3) all of the then outstanding matured principal of said issues, whether owned by relator or not.

The Broward County Circuit Court refused to grant a peremptory writ awarding relator all that was asked. On the contrary, the Broward County peremptory writ was awarded: (1) spreading the levy as to the specifically described and then matured $5,500.00 coupons held by relators; (2) required the levy of a sufficient millage to produce $47,700.00 for interest then currently maturing on the two issues; and (3) spread the levy as to the outstanding then matured principal, ordering a levy of sufficient millage to pay only one per cent. of the principal.

The county commissioners, pursuant to said peremptory writ, met and determined that a levy of 16½ mills on the dollar of assessed valuation would produce, in the fiscal year of 1934-1935, sufficient sums to take care of the three requirements. Accordingly, such a tax was levied, and the resulting collections were remitted to the Board of Administration from time to time, in lump sums. The latter Board segregated and divided these collections on a proportionate basis, and allocated such proportionate parts to

three separate accounts, one account being opened for each of the three said purposes, in the order named, for which the tax was levied pursuant to such peremptory writ. These accounts were designated Highway Special Accounts numbers 1, 2 and 3 (hereinafter described in this opinion).

Based upon the return filed, which the motion for a peremptory writ of mandamus admits to be true, the State Board of Administration contends that since none of the securities sued on in the Leon County suit are the coupons for which the special "ear-marked" levy carried as Highway Special Account No. 1 was ordered by the Broward County Circuit Court, that said Special Account No. 1 cannot be used to pay relator's demand, thereby remitting him to look to Highway Special Account No. 2, amounting to $2,790.00 applicable to payment of currently maturing interest coupons of the class held by relator.

But Highway Special Account No. 2 is but $2,790.00, whereas relator's claim is $2,970.00. Thus in order to realize payment of relator's claim in full as ordered by the Leon County Circuit Court peremptory writ, it is necessary that the State Board of Administration make up the deficit by applying to relator's claim a part of the moneys in Highway Special Account No. 3 which was designed to be applicable to the sinking fund one per cent. which the Broward County writ had ordered to be provided. Said last mentioned Highway Special Account No. 3 amounts to $718.64 and said account, together with Highway Special Account No. 2 amounting to $2,790.00, is ample to pay the $2,970.00 coupons held by relator, as the Leon County Circuit Court has directed to be done.

What relator has obtained judgment for in this case is a peremptory writ of mandamus requiring the payment by the State Board of Administration, under the first come,

first served rule, of certain coupons which were not among the past-due coupons involved in the previous suit for which the "ear-marked" levy described as Highway Special Account No. 1 was ordered. So the payment now demanded is not for a disbursement out of any fund which the State Board of Administration holds "ear-marked" for a purpose *inconsistent* with relator's present demands. On the contrary, it is for a disbursement by the Board out of a currently replenishable *general* sinking fund account created for the benefit of all of the class of bonds and coupons of which relator's coupons are a part, which sinking fund has resulted from the general 16½ mill tax levy commanded by the Broward County Circuit Court writ for the benefit of all of the bondholders of the two issues in controversy in the earlier mandamus proceeding.

Whatever "ear-marking" has resulted with respect to the special account carried as Highway Special Account No. 3 (the sinking fund account) has been extended by the prior Broward County writ of mandamus no further than to the bondholders as a class for whose benefit the sinking fund was ordered to be replenished. Such sinking fund is not an inexhaustible resource, but may be added to by other proceedings instituted by different bondholders. Within the class for whose protection the sinking fund is required to be maintained, the first come, first served rule must apply whenever it is made to appear that such sinking fund as a whole is inadequate to satisfy the maturities of either the principal or interest of the bonds to which such sinking fund is an incident of obligation.

Such indeed is the substance of what we have already held in our previous decision in Sholtz v. State, *ex rel.* Davis, 121 Fla. 477, 163 Sou. Rep. 854. On the authority

of that decision, we affirm the final judgment in the case now before us.

Affirmed.

TERRELL, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents.